UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER WARDLAW #218565, | Civil Case No. 1:04-848 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| CAROL HOWES, | |
| Respondent. | |

### Opinion and Order Adopting the R&R; Dismissing the Habeas Corpus Petition

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's

report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The R&R issued on Monday, January 7, 2008 and was mailed to Wardlaw on Tuesday, January 8, 2008. According to Wardlaw, he received the R&R on Friday, January 24, 2008, over two weeks after it was mailed to him.

On Friday, February 1, 2008, Wardlaw moved for an extension of time in which to file objections. Wardlaw asked that he be given sixty days from his receipt of the R&R, i.e., an objection deadline of about Tuesday, March 25, 2008.

By order dated Friday, February 15, 2008 and mailed to Wardlaw on Tuesday, February 19, 2008, Magistrate Judge Carmody partially granted Wardlaw's request, extending the objection deadline to Friday, February 22, 2008 (three weeks after the date on which Wardlaw claims he received the R&R). By letter dated (Monday) February 25, 2008[1] and docketed Thursday, February 28, 2008, Wardlaw moved for reconsideration. On Thursday, March 27, 2008, Magistrate Judge Carmody denied the motion for reconsideration, writing, in pertinent part,

> The Court notes that Petitioner's motion for reconsideration was signed on February *25*, 2008, three days *after* the Court-extended deadline within which Petitioner was required to submit objections to the Report and Recommendation. Petitioner has not exhibited good cause for the untimeliness of the present motion or his request for yet additional time to submit objections. The Court further notes that more than sixty (60) days have passed since Petitioner received the Report and Recommendation [on January 24, 2008], yet Petitioner has still not submitted any objections thereto.

Mar. 27, 2008 Order Denying Pet.'s Mot. for Recon. at 1-2. This court agrees with the Magistrate Judge that Wardlaw has not shown good cause for failing to file objections within the more than *two months* since he claims he received the R&R (about two months and three weeks since the R&R was

---

[1] The date typed at the top of Wardlaw's reconsideration motion is February *22*, 2008, but the date handwritten just above his signature at the end of the motion is "2-*25*-08."

2

mailed to him).

Because Wardlaw has not filed objections, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[2]

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting

---

[2] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates' Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

legislation omitted).

In any event, the court finds the R&R to be well-reasoned.[3] As noted by the R&R, the claims in the instant habeas petition were not asserted in Wardlaw's direct appeal as of right in state court, but instead were not first advanced until Wardlaw's attempt to obtain post-conviction relief in state court. The Michigan Supreme Court rejected all the claims, without opinion, for failure to meet his burden of establishing a right to relief under M.C.L. § 6.508(D), *see People v. Wardlaw*, No. 125487, 688 N.W.2d 89 (Mich. Oct. 25, 2004) (table decision). Accordingly, Wardlaw has procedurally defaulted these claims unless he shows good cause for excusing the default.

---

[3]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. Oct. 30, 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))). *See also Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. Sept. 5, 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio July 5, 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*US v. Thornton*, 2007 WL 1742160, *1 (E.D. Ky. June 12, 2007) (Reeves, J.); *US v. Stone*, 2007 WL 1610499, *1 (E.D. Ky. May 31, 2007) (Forester, J.); *Powell v. KDOC*, 2007 WL 756363, *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Wallace v. Jackson*, No. 04-40221, 2006 WL 467915, *1 (E.D. Mich. Feb. 23, 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

Moreover, for the reasons stated in the R&R, Wardlaw has not shown good cause for this court to excuse the procedural default. He has not shown that his guilty plea was not knowing, voluntary and intelligent, so he cannot show that his attorneys rendered ineffective assistance by failing to challenge the validity of the plea on direct appeal, *see* R&R at 12-16.

Finally, even if Wardlaw had good cause for failing to challenge the validity of his plea on direct appeal, he cannot show that his attorneys' failure to do so caused him actual prejudice. His plea under *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993) (i.e., permitting him to withdraw the plea if the trial judge did not impose the sentence recommended), afforded him a sentence of 20 to 264 years, while the minimum otherwise required by Michigan law for his seven cocaine offenses was *fifty-two* years imprisonment. Thus, by accepting the plea agreement instead of going to trial, Wardlaw avoided the risk of a term of imprisonment at least thirty-two years longer than the one he received, R&R at 16-17.[4] *See Doyle v. Scutt*, 347 F. Supp.2d 474 (E.D. Mich. 2004) (dismissing habeas petitioner's claim that defense counsel rendered ineffective assistance by erroneously advising defendant to plead no-contest to charges of armed robbery and conspiracy to commit armed robbery) (defendant was not prejudiced, because the plea gave him concurrent 12- to 40-year sentences and dismissed more serious charges which would have exposed him to potential life sentences and mandatory consecutive terms).

## ORDER

Accordingly, having reviewed Wardlaw's petition, the warden's opposition to the petition,

---

[4]

*Contrast Gary v. US*, 238 F.3d 420, 2000 WL 1872039, *4 (6th Cir. Dec. 14, 2000) (reviewing Gary's claim that his attorney was ineffective because he failed to object to the amount of drugs attributable to him, Circuit remarked, "Gary has made a sufficient showing regarding prejudice, as it appears that his sentence would have been at least ten years shorter if he had not been held responsible for the methamphetamine that was discovered in Taylor's storage locker.").

Wardlaw's reply in support of his petition, and the R&R, the court hereby **ADOPTS** the R&R.

Wardlaw's habeas petition is **DISMISSED with prejudice.**

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[5]

**IT IS SO ORDERED this 31st day of March 2008.**

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[5]

*See, e.g., Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155);

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).